M. A. JOY, Appellant, v. ROBERT E. LEE et al.,
Respondents.

St. Louis Court of Appeals, July 19, 1912.

1. CARRIERS OF PASSENGERS: Liability for Loss of Pas-
senger's Effects. A carrier of passenger cannot, by posting a
notice that it will not be liable for articles of value kept by
passengers in their staterooms, exempt itself from liability for
loss from a passenger's stateroom of such articles of necessity
and convenience as are usually carried by passengers.

2. ———: ———: Contributory Negligence: Sufficiency of Evi-
dence. In an action against a steamboat company for money
lost by a passenger from his stateroom, held that the evidence
warranted a finding that plaintiff was guilty of contributory
negligence and, therefore, not entitled to recover.

3. ———: ———: Instructions. In an action against a steamboat
company for money lost by a passenger from his stateroom,
where the court charged that the passenger had a right to re-
tain such a sum of money in his possession in his stateroom
as was a reasonable amount for him to carry, taking into con-
sideration his journey and station in life, notwithstanding the
carrier's notice that he would not be liable for the loss of
valuables not deposited with the clerk, the refusal of an in-
struction, defining baggage as such articles of necessity and
convenience as a passenger habitually carries, including money
and jewelry, was not improper, being covered by the instruc-
tion given.

4. INSTRUCTIONS: Refusal: Covered by Other Instructions.
It is not error to refuse an instruction which is covered by
other instructions given.

Appeal from St. Louis City Circuit Court.—*Hon.
George H. Williams*, Judge.

AFFIRMED.

*John K. Lord, Jr.* for appellant.

(1) A steamboat engaged in the carriage of pas-
sengers for hire, is a common carrier. 6 Cyc. 535.
(2) As to baggage retained by a passenger in his own

possession, a carrier is under the duty of exercising reasonable care to protect it from loss, and is liable for loss of such baggage occurring by reason of his failure to exercise such care, unless the loss was the result of the passenger's negligence. Woodruff v. Diehl, 84 Ind. 474; Prickett v. Anchor Line, 13 Mo. App. 436; Root v. Sleeping Car Co., 28 Mo. App. 199; Wilson v. Railroad, 32 Mo. App. 682; Hampton v. Railroad, 42 Mo. App. 134; Morrow v. Car Co., 98 Mo. App. 351; 25 Am. and Eng. Ency. Law 1117; 6 Cyc. 661; Mudgett v. Steamboat Co., 1 Daly (N. Y.) 151; Gore v. Transp. Co., 2 Daly (N. Y.) 254; Crozier v. Steamboat Co., 43 How. Pr. (N. Y.) 466; Amer. Steamboat Co. v. Bryan, 83 Pa. St. 446; Macklin v. Steamboat Co., 7 Abb. Pr. N. S. (N. Y.) 229; Lincoln v. Steamboat Co., 30 Misc. (N. Y.) 752; Adams v. Steamboat Co., 151 N. Y. 163; 3 Am. and Eng. Ency. Law 551; Bonner v. Grumbach, 2 Tex. Civ. App. 482; 2 Fetter on Carriers of Passengers, sec. 638; Williams v. Packet Co., 3 Cent. L. J. 400.   (3) By the term "baggage" is meant such articles of necessity and convenience as travelers usually carry for their personal use, comfort, instruction or amusement, having regard to the length of the journey, the purpose for which it is made, the position in life and occupation of the traveler and includes not only clothing but jewelry ordinarily worn by the traveler and his expense money for the journey. 6 Cyc. 667; Nevins v. Steamboat Co., 4 Bosw. (N. Y.) 225; Woodruff v. Diehl, 84 Ind. 474; Root v. Sleeping Car Co., 28 Mo. App. 199; Morrow v. Car Co., 98 Mo. App. 351; Wilson v. Railroad, 32 Mo. App. 682; Hampton v. Railroad, 42 Mo. App. 134; 25 Am. and Eng. Ency. Law 1120; Spooner v. Railroad, 23 Mo. App. 409; 99 Am. St. Rep. 343, 348; Doerner v. Railroad, 149 Mo. App. 170; Hill v. Pullman Co., 188 Fed. Rep. 497; Godfrey v. Pullman Co., 69 S. E. 666.   (4) A common carrier cannot limit its common-law liability by a mere notice, whether read

by the passenger or not, nor can it, under any circumstances, limit its liability for loss resulting from its own negligence. Tibbey v. Railroad, 82 Mo. 292; Klass v. Railroad, 80 Mo. App. 164; Aiken v. Railroad, 80 Mo. App. 8; Wilson v. Railroad, 21 Grattan (Va.) 654; Potter v. The Majestic, 166 U. S. 375; 5 Am. and Eng. Ency. Law 610; 25 Am. and Eng. Ency. Law 1120; 6 Cyc. 388; The Saratoga, 20 Fed. Rep. 869.

*Guy A. Thompson* for respondents.

(1) Where a jury is waived and the issues of fact are submitted to the court, all presumptions are in favor of the correctness of the findings of the court upon the questions of fact involved. Bond & Stock Co. v. Houck, 213 Mo. 416; Gardner v. Robertson, 208 Mo. 605; Vincent v. Means, 207 Mo. 709. (2) Findings of fact made by the trial court in a law case tried without a jury are the equivalent of a verdict of a jury and, if supported by substantial evidence, must be accepted as filed by the appellate court. And this is true even though the appellate court might be of the opinion that the finding of the trial court was against the weight of the evidence. Glade v. Ferd, 131 Mo. App. 164.

REYNOLDS, P. J.—Plaintiff in this case, with his wife, was a passenger on a steamboat owned by defendants, the boat operated in the carrying of passengers and freight along the Mississippi river between the ports of St. Louis, Missouri, and Memphis, Tennessee. According to the testimony of plaintiff, when he boarded the boat he had about $140 in bills in his possession. After paying for the passage of himself and wife for the round trip from Memphis to St. Louis, he had $115 in paper and a dollar and some odd cents in silver. He testified that he placed

the bills in a wallet, which closed with a snap catch, and after placing the bills in it, he put a rubber band around it, putting the wallet in the left hip pocket of his trousers. On retiring for the night he counted over this money, saw that it was in the wallet, closed the wallet, put the rubber band around it, placed the wallet in his trousers pocket, laid his coat on the lower berth of the stateroom, put his trousers on top of his coat, his vest on top of his trousers and placed all of them on the lower berth, and at the end toward the cabin of the boat. There was a panel door at that end of the stateroom which led from the stateroom into the cabin. Plaintiff locked that door and hooked the screen or lattice door which led from his stateroom to the outer guards or deck. This was an ordinary lattice door, fastened on the inside by a hook and eye. The stateroom was also furnished with a panel door on that side but as it was a warm night in June plaintiff did not close this panel door, being satisfied to hook the screen door. Plaintiff and his wife occupied the upper berth. He got up about seven o'clock the next morning, dressed himself, went out to the forward part of the boat and down on the lower deck and according to his custom, as he testified, took out his wallet, opened it and found that all the money which had been in it was gone. He notified the purser and the latter notified the captain of the boat, but the money was not found.

Plaintiff accordingly brought suit for the amount before a justice of the peace, suing by attachment on the ground that defendants were nonresidents of the state. Defendants appearing, the attachment was dissolved. From a judgment in favor of defendants before the justice, plaintiff appealed to the circuit court where the cause was tried anew before the court, a jury being waived. At the conclusion of the testimony in the case the trial court found for defendants.

Plaintiff and his wife testified, the latter by deposition, and under the provisions of what is now section 6359, Revised Statutes, 1909, permitting the wife to testify in actions against carriers so far as relates to the loss of property and the amount and value thereof, both testifying to the fact of the money being in possession of plaintiff when they retired and of plaintiff's experiment on this screen door, which, according to their testimony, could be unlatched by a person lying outside on the deck and reaching his arm up through an opening in the lower part of the door and unfastening the hook, plaintiff's theory being that some person about the boat had done this and in that way gotten into the room, taken his wallet out of his pocket, removed the money from it, refastened the wallet, placed it back in his pocket and got out of the room without disturbing plaintiff or his wife. The testimony on the part of defendants was to the effect that it was impossible for the loss to have occurred in the manner in which plaintiff testified; that it was impossible for any one to have reached up to the latch in the screen door through the hole in the bottom of it.

At the conclusion of the trial plaintiff asked five instructions or declarations of law. The court gave four of them and refused one. The instruction given at the instance of plaintiff correctly stated the law as to the liability of a common carrier for the care and safety of the ordinary baggage of a passenger, declaring as a matter of law that a common carrier could not exempt itself from liability for loss of valuables taken by a passenger to his stateroom and that such regulation is unreasonable "as to such articles of necessity and convenience as are usually carried by the passenger and does not relieve the carrier from liability for the loss of same occurring by reason of his failure to exercise reasonable care for the protection of such valuables, unless the loss occurred through

the negligence of the passenger, and that failure on the part of the passenger who has seen such a notice, to deliver such articles of convenience and necessity to the exclusive control of the carrier, does not constitute negligence on his part.''

The relevancy of this instruction and of others covering the matter of notice arose from the introduction in evidence by defendants of two notices which it was testified had been posted up in the stateroom of plaintiff, to the effect that defendants, owners of the line of steamers to which this one belonged, would not be responsible for valuables or personal belongings of the passengers while on board; that valuables should be deposited in the office safe and that passengers must not leave valuables in their staterooms but must put the same with the clerk in the office. The court further declared that if it found from the evidence that plaintiff retained in his possession in his stateroom only such a sum of money as was a reasonable amount for him to carry, taking into consideration his station in life, the length of his journey and the purposes for which it was made, then plaintiff had a right to retain such sum in his possession in his stateroom, notwithstanding he may have seen the notices above referred to and that defendants are liable for the loss of the same occurring on account of their failure to use reasonable care to protect that sum from loss, provided the loss was not due to the negligence of plaintiff. Plaintiff had testified as to his condition and circumstances and that the money he had was the amount usually carried by him to meet current traveling expenses of the length and character of the trip upon which he and his wife were embarked. The refused declaration defined the term baggage as meaning such articles of necessity and convenience as travelers usually carry for their personal use, instruction or amusement, having regard to the length of their journey, the purpose for which it is made, the position

in life and occupation of the traveler, and includes not only clothing but jewelry ordinarily worn by the traveler and his expense money for the journey. Defendants asked no declarations of law and the court gave none of its own motion, merely finding for defendants. On the finding and judgment being rendered for defendants, plaintiff filed his motion for a new trial and that being overruled and saving exception, brought the case here by appeal.

We have read all of the testimony in the case and on consideration of that and of the declarations of law given as well as that refused, find no reason to disturb the finding of the learned trial court. He had the principal witness before him; had before him substantial testimony warranting him in finding that plaintiff's loss was occasioned by his own negligence, and his action in passing upon the declarations of law asked shows that he clearly and correctly understood the principles of law applicable to a case of this character. The declaration of law which was asked by plaintiff and which the court refused was correctly refused. The law announced in it was correctly given in another instruction, of which we have given a summary. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.